UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DANNY SIMMONS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-11-265 |
| | § | |
| GALVESTON COUNTY DISTRICT COURTS, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Inmate Danny Simmons (#120523) filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights. On June 14, 2011 and July 13, 2011, a notice and collection order were mailed to Simmons at his address of record. On June 21, 2011 and July 22, 2011, the orders were returned unclaimed to the Court marked: "Return to Sender- Attempted Not Known- Unable to Forward." To date, the Court has not received a notice of address change from the plaintiff. Parties bear the burden of advising the court of address changes. *See* Local Rule 2(F). The failure to do so, as in the instant case, can result in the dismissal of an action for want of prosecution. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to properly pursue this action prompts the Court to conclude that he lacks due diligence or no longer wishes to pursue his case.

Therefore, under the inherent powers necessarily vested in a district court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may dismiss an action *sua sponte* for failure to prosecute or to comply with any court

order). The plaintiff is advised, however, that upon a proper showing, relief from this order may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure.

Accordingly, it is **ORDERED** that this action is **DISMISSED** without prejudice for want of prosecution.

SIGNED at Houston, Texas this 4th day of August, 2011.

_____
Kenneth M. Hoyt
United States District Judge